IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC FLORES                                                                                              PLAINTIFF

     v.                         Civil No. 4:12-cv-4144

UNITED STATES ATTORNEY GENERAL;                                              DEFENDANTS
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES; and
SIERRA MEDICAL CENTER, a Public Health Service

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

**ERIC FLORES** filed this civil rights action pursuant to the Federal Tort Claims Act. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for a determination of whether service of process should issue.

## Background

In his complaint, Flores alleges unnamed Federal government employees have directed genetic code-altering satellite transmissions from outer space at Mexican–American citizens. Flores maintains these transmissions have resulted in severe injuries to him and to others. Flores suggests he would like to obtain class-action certification for this complaint and represent all affected Mexican-American citizens.

## Discussion

Flores has made at least four prior attempts to pursue very similar claims in the Federal courts of the Western District of Texas. *See Flores v. McDoug*, EP-11-CV-260-FM, 2011 WL 2729192 (W.D. Tex. July 12, 2011) (discussion of the history of the various frivolous complaints filed by Flores in the Western District of Texas). In each case, his complaints were dismissed as frivolous. The

allegations Flores makes in the instant complaint are identical to those previously dismissed as frivolous in the Western District of Texas. Specifically in this case, Flores alleges diplomats from another nation have solicited a group of unnamed executive employees of the Federal Government, who reside in Arkansas (he alleged the Federal employees resided in Washington D.C. in the prior cases), to use advanced technologies to direct genetic-code-altering satellite transmissions from outer space at Mexican–American citizens. These transmissions, according to Flores, have resulted in severe injuries to him, his relatives and others. In the words of United States District Judge Frank Montalvo of the Western District of Texas, "these claims are clearly fanciful, fantastic, delusional, and, therefore, baseless." *See Flores v. McDoug*, EP-11-CV-260-FM, 2011 WL 2729192 (W.D. Tex. July 12, 2011). This Court should also dismiss these claims as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

Further, Flores has a lengthy history of other frivolous filings in the El Paso Division of the Western District of Texas.[1] Flores has disregarded clear warnings from that Court that "additional

---

[1] *See Flores v. U.S. Atty. Gen.*, EP–11–CV–173–FM (W.D.Tex. May 18, 2011) (dismissing complaint as frivolous and warning Flores that all previously-ordered filing restrictions remained in full force); *Flores v. U.S. Atty. Gen.*, EP–10–CV–256–PRM, 2010 WL 5540951 (W.D.Tex. Sep.29, 2010) (dismissing complaint as frivolous and sanctioning Flores for frivolous filings); *Flores v. Atty. Gen. of Texas*, EP–10–CV–65–PRM, 2010 WL 5540950 (W.D.Tex. Sept.29, 2010) (dismissing complaint as frivolous); *Flores v. Wiles*, EP–10–CV–258–KC (W.D.Tex. Aug. 9, 2010) (dismissing complaint as frivolous and sanctioning Flores for frivolous filings); *Flores v. Child Protective Services*, EP–10–CV–66–KC, 2010 WL 743504 (W.D.Tex. Mar.1, 2010) (dismissing claims as frivolous); *Flores v. Anti–Government Group*, EP–10–CV–53–KC (W.D.Tex. Mar. 1, 2010) (dismissing claims as frivolous); *Flores v. Flores*, EP–10–CV 60–DB (W.D.Tex. Feb. 22, 2010) (dismissing a habeas corpus claim brought on behalf of his brother); *Flores v. U.S. Atty. Gen.*, EP–10–CV 59–DB (W.D.Tex. Feb. 22, 2010) (dismissing claims as frivolous), aff'd, 378 F.App'x 473 (5th Cir.2010); *Flores v. Wiles*, EP–10–CV–27–FM (W.D.Tex. Jan. 28, 2010) (dismissing a petition for habeas corpus because Flores failed to exhaust his administrative remedies); *Flores v. Wiles*, EP–10–CV–26–KC, 2010 WL 376538 (W.D.Tex. Jan.27,2010) (construing a petition for a writ of habeas corpus as a civil rights complaint and dismissing it); *Flores v. Sheriff Wiles*, EP–09–CV–32–FM, 2009 WL 536543 (W.D.Tex. Feb.9, 2009) (dismissing a writ of habeas corpus because Flores failed to exhaust his administrative remedies); *Flores*

attempts to file frivolous complaints, motions, or other documents will result in ... sanctions." In *Flores v. Wiles*, EP–10–CV–285–KC, the Honorable Kathleen Cardone required Flores to obtain permission from a district judge before filing any additional complaints in the El Paso Division. In *Flores v. United States Attorney General*, EP–11–CV–158, the Honorable David Briones imposed a $350.00 sanction on Flores, reminded him that all previously imposed sanctions were still in effect, and warned him that additional attempts to file frivolous complaints, motions, or other documents could result in further sanctions.

On December 12, 2012, this Court entered its Show Cause Order directing Plaintiff to show cause why his complaint should not be dismissed as frivolous in this matter. ECF No. 4. Plaintiff was directed to respond no later than December 28, 2012. The Show Cause Order was mailed by the Clerk of this Court to Plaintiff's last known address. The Show Cause Order was returned to the Clerk on December 26, marked "Not Deliverable as Addressed," with the notation "Please remove this address for addressee" on the returned envelope. Plaintiff has not responded to the Show Cause Order.

## Conclusion

I therefore recommend that this case be dismissed on the grounds the claims asserted are frivolous, fantastic, fanciful, or delusional and fail to state claims upon which relief can be granted. Further, I recommend the following specific actions by the District Court:

1. The Court should **DENY** Plaintiff Eric Flores's *pro se* application to proceed *in forma pauperis*.

---

*v. El Paso County Sheriff's Dept.*, EP–08–CV–124–KC, 2008 WL 2944561 (W.D.Tex. July 16, 2008) (dismissing a writ of habeas corpus because Flores was not in custody at the time he filed his petition); *Flores v. El Paso County Sheriff's Dept.*, EP–06–CA–419–KC (W.D.Tex. July 25, 2007) (dismissing a civil rights complaint for failure to state a claim on which relief may be granted).

2. The Court should **DENY** Plaintiff Eric Flores's motion for class-action certification.

3. The Court should **DISMISS WITH PREJUDICE** Plaintiff Eric Flores's complaint in this matter as frivolous.

4. Based on Flores's history of frivolous and bad faith filings in the Western District of Texas, the Court should sanction Plaintiff Eric Flores $350.00 for his frivolous filing in this Court.

5. The Court should **BAR** Plaintiff Eric Flores from filing any further complaint or petition in this Court without first satisfying the $350.00 sanction imposed in this case and obtaining the permission of a district judge of the Western District of Arkansas to proceed.

6. The Court should direct the Clerk to accept no further pleadings from Plaintiff Eric Flores, except for a request for permission to proceed with filing a new complaint, unless he can demonstrate that he is in imminent danger of serious personal injury.

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of January 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE